UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRENTON MICHAEL THORNTON,

                Petitioner,

v.

RANDEE REWERTS et al.,

                Respondents.

_____/

Case No. 1:25-cv-1798

Honorable Hala Y. Jarbou

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court will grant Petitioner's motion for leave to proceed *in forma pauperis*. (ECF No. 2.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

## I.  Factual allegations

Petitioner Brenton Michael Thornton is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Following a three-day jury trial of two consolidated criminal prosecutions, Petitioner was convicted of two counts of first-degree criminal sexual conduct (CSC-I), one count of second-degree criminal sexual conduct (CSC-II) and one count of third-degree criminal sexual conduct (CSC-III) in Wayne County Circuit Court Case No. 21-001067-01-FC and two counts of CSC-I and one count of CSC-II in Wayne County Circuit Court Case No. 22-001329-01-FC. On January 31, 2024, the court sentenced Petitioner to 12 to 24 years' imprisonment on each CSC-I conviction and 7 to 15 years' imprisonment on each CSC-II and CSC-III conviction, all sentences to be served concurrently.

On December 3, 2025, Petitioner filed his habeas corpus petition raising one ground for relief: Michigan's criminal sexual conduct statute, specifically Mich. Comp. Laws § 750.520h, stating that the testimony of a victim need not be corroborated, violates Petitioner's constitutional rights. (Pet., ECF No.1.)

Petitioner, with the assistance of counsel, directly appealed his convictions and sentences. When Petitioner initiated this action, briefing at the Michigan Court of Appeals had been completed, but the case had not been argued and no opinion had issued. On February 4, 2026, the appellate court heard oral argument. On April 8, 2026, the Michigan Court of Appeals entered an opinion rejecting Petitioner's challenges and affirming his convictions and sentences. *People v. Thornton*, Nos. 370241, 370474, 2026 WL 958312 (Mich. Ct. App. Apr. 8, 2026). Petitioner has

filed a *pro per* application for leave to appeal to the Michigan Supreme Court. *See* https://www.courts.michigan.gov/c/courts/coa/case/370241 (last visited July 27, 2026). That application remains pending.

## II.  Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner does not contend that he has exhausted the issue he raises in his habeas petition.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. To

the extent he has already raised the constitutional challenge in the Michigan Court of Appeals, he may continue the challenge in the Michigan Supreme Court, thereby exhausting his state court remedies.

If Petitioner failed to raise the constitutional challenge in the Michigan Court of Appeals, upon the conclusion of his direct appeal, he may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion.

For these reasons, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must either continue his constitutional challenge through the Michigan Supreme Court on direct appeal or file a motion for relief from judgment in the Wayne County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner's direct appeal is not yet complete, the limitations period has not yet started to run. Moreover, if Petitioner must continue his exhaustion efforts with a motion for relief from judgment, during the pendency of that motion, the running of the statute of limitations is tolled. 28 U.S.C. § 2244(d)(2).

Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision—either on direct appeal or any subsequent collateral challenge—he is not in danger of running afoul of the statute of limitations.

## III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reason, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**<u>Conclusion</u>**

The Court will enter an order and judgment granting Petitioner leave to proceed *in forma pauperis*, dismissing the petition for failure to exhaust state-court remedies, and denying a certificate of appealability.


Dated: July 27, 2026                              /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  CHIEF UNITED STATES DISTRICT JUDGE

6